776 A.2d 1

**Behjat J. JAFARZADEH a/k/a Behjat Chimeh,**

v.

**Seddigheh FEISEE, M.D.**

**No. 1174, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

July 5, 2001.

Jonathan C. Silverman (Robert Joel Zakroff and Zakroff & Associates, P.C., on the brief), Bethesda, for appellant.

Julia R. Arfaa (Daniel C. Costello and Wharton, Levin, Ehrmnatraut, Klein & Nash, on the brief), Annapolis, for appellee.

Argued before JAMES R. EYLER, SONNER, MARVIN H. SMITH, (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

This case involves a medical malpractice claim by Bahjat J. Jafarzadeh, appellant, against Seddigheh Feisee, M.D., appellee, in which the issue is whether the Circuit Court for Prince George's County had personal jurisdiction over the appellee. We hold that it did not.

Appellant alleges that she sustained injury as a result of appellee's negligence that occurred during the course of appellee's treatment of appellant on June 7, 1995, in appellee's office in Virginia.

On July 21, 1997, appellant filed suit against appellee in the Circuit Court for Fairfax County, Virginia. On September 23, 1997, appellant voluntarily dismissed the action, presumably because it was barred by the Virginia statute of limitations.

On March 1, 1998, appellant filed suit, alleging the same causes of action, in the District Court of Maryland in Prince George's County. Appellee filed a demand for jury trial. The case was transferred to the Circuit Court for Prince George's County.

Appellee filed a motion to dismiss for lack of personal jurisdiction over appellee. On August 18, 1998, Judge Arthur M. Ahalt granted appellee's motion without a hearing. On September 9, 1998, appellant filed a motion to vacate the

judgment, and on January 22, 1999, the court heard oral argument. By order dated January 22, Judge Ahalt granted appellant's motion and denied appellee's motion to dismiss. On May 19, 2000, appellee filed another motion to dismiss, based on lack of personal jurisdiction. On June 13, 2000, Judge Steven I. Platt, after hearing argument, granted the motion to dismiss.

## Appellant's Contentions

Appellant contends (1) that the January 22, 1999 order by Judge Ahalt constituted the law of the case and that Judge Platt erred in granting the motion to dismiss on June 13, 2000, and (2) that the court erred in granting the motion to dismiss because there were sufficient minimum contacts to satisfy the Maryland long arm statute and the requirements of due process.

## Discussion

### 1.

Appellant argues that Judge Ahalt's January 22, 1999 order was the law of the case and should not have been reversed by Judge Platt's order on June 13, 2000.

The Court of Appeals has stated:

As a general principle, one judge of a trial court ruling on a matter is not bound by the prior ruling in the same case by another judge of the court; the second judge, in his discretion, may ordinarily consider the matter *de novo* ... This general principle, however, is inapplicable if a statute or rule reflects a different intent in a particular situation.

*State v. Frazier*, 298 Md. 422, 449, 470 A.2d 1269 (1984).

Appellant argues that Rule 2–322(a) reflects a different intent. Rule 2–322(a) provides that the defense of lack of jurisdiction over the person shall be made by motion to dismiss filed before an answer, and if not so made, the defense is waived. Md. Rule 2–322(a)(2001).

█ Appellee did make a motion to dismiss, thus the defense was not waived. The general principle stated in *State v. Frazier* applies to the case *sub judice* because the rule does not reflect a different intent. Moreover, an appellate court can review all matters that are properly before it for the first time. *See* Md. Rule 8–131(a)(2001). The question of personal jurisdiction is before us for the first time. *See People's Counsel v. Prosser*, 119 Md.App. 150, 176, 704 A.2d 483 (1998).

### 2.

█ Appellant contends that appellee's contacts with the State of Maryland were sufficient to establish personal jurisdiction under section 6–103(b)(4), which provides:

(b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

\* \* \*

(4) Causes tortious injury in the State by an act or omission in the State; omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State.

Md.Code (1998 Repl.Vol.), § 6–103(b)(4) of the Courts & Judicial Proceedings Article ("CJ"). We disagree with appellant and find appellee's contacts with Maryland insufficient to confer personal jurisdiction. Appellee was a resident of the Commonwealth of Virginia; has not resided in Maryland since 1973; and appellant's medical treatment occurred in Virginia.

In support of appellant's argument, appellant asserts that appellee has "purposefully avail[ed] [herself] of the privilege of conducting business" with Maryland because she has been licensed in Maryland since she pursued her residency at Union Memorial Hospital in 1972–1973; was licensed by the State as a Medicaid provider from September 30, 1992 until September 30, 1998, resulting in $462.29 in Medicaid payments from June 22, 1996 through October 24, 1998; and advertised in the

Persian–American Yellow Pages, which served the District of Columbia, Virginia, Maryland, and Pennsylvania.

Appellant relies heavily, but misguidedly, on *Presbyterian University Hospital v. Wilson,* 337 Md. 541, 654 A.2d 1324 (1995). In that case, the Court of Appeals held that the facts justified asserting personal jurisdiction over a Pennsylvania hospital that provided services to Maryland residents. *Id.* at 555–56, 654 A.2d 1324. The facts of *Presbyterian University Hospital* are distinguishable from the case at bar.

In *Presbyterian University Hospital,* the hospital undertook to register as a Maryland Medicaid provider and undertook to be designated as a liver transplant referral center. *Presbyterian Univ. Hosp.,* 337 Md. at 555, 654 A.2d 1324. At the time the claimant received treatment, the hospital was the only approved site for liver transplants for Maryland Medicaid patients. Additionally, the hospital established other contacts in Maryland which directly resulted in the claimant seeking a transplant at the hospital. *Id.* at 556, 654 A.2d 1324. The Court found these facts sufficient to confer specific jurisdiction over the hospital. *Id.*

The Court in *Presbyterian University Hospital,* after noting that a defendant must have minimal contacts with the forum state and that the exercise of jurisdiction should not offend traditional notions of fair play and substantial justice in order to comply with due process, noted a distinction between the necessary contacts for a finding of general, as distinguished from specific, jurisdiction. *Presbyterian Univ. Hosp.,* 337 Md. at 550, 654 A.2d 1324; *see also International Shoe Co. v. State,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court, quoting from *Camelback Ski Corporation v. Behning,* 312 Md. 330, 338–39, 539 A.2d 1107 (1988), stated:

Generally speaking, when a cause of action does not arise out of, or is not directly related to, the conduct of the defendant within the forum, contacts reflecting continuous and systematic general business conduct will be required to sustain jurisdiction. On the other hand, when the cause of action arises out of contacts that the defendant had with the

forum, it may be entirely fair to permit the exercise of jurisdiction as to that claim.

*Presbyterian Univ. Hosp.*, 337 Md. at 550, 654 A.2d 1324. The cause of action was directly attributable to Presbyterian University Hospital's contacts with Maryland. *Presbyterian Univ. Hosp.*, 337 Md. at 554–55, 654 A.2d 1324. The cause of action alleged by appellant did not arise out of appellee's contacts with Maryland and thus requires the necessary systematic contacts before general *in personam* jurisdiction can attach.

█ In the case before us, appellee's contacts with the State of Maryland, minimal in nature, bore no relationship to appellant's cause of action. *See Camelback Ski Corp. v. Behning*, 312 Md. 330, 341, 539 A.2d 1107 (1988) ("Camelback did not devote its energy or financial resources to the marketing of Maryland. It allocated no part of its advertising budget to Maryland and following one very brief and unsuccessful attempt to solicit business in this State in 1982, it abandoned any attempt to include Maryland in its primary marketing area, or to conduct any active solicitation here."). Contrary to the facts in *Presbyterian University Hospital,* appellant was referred to appellee by an acquaintance and not through any of appellee's contacts with the State. *Presbyterian Univ. Hosp.*, 337 Md. at 555, 654 A.2d 1324. To assert general jurisdiction, continuous and systematic general business conduct is required. *Id.* at 551–52, 654 A.2d 1324. There is no evidence to indicate whether appellee purposefully engaged in conduct that resulted in the Medicaid payments or her listing in the Persian American Yellow Pages. Appellee did not regularly do or solicit business, engage in any persistent course of conduct, or derive substantial revenue from goods, foods, services, or manufactured products used or consumed in the State. *See* CJ § 6–103(b)(4). In no way did appellee "purposefully avail[ ] [herself] of the privilege of conducting activities within the forum sate, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see Presbyterian Univ. Hosp.*, 337 Md. at 558, 654 A.2d 1324. Consequently,

the requirements of CJ section 6–103(b)(4) were not met, and the requirements of due process were not met.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**