STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13/184
JON-YOR- 3/10/2014

THE YORK COUNTY BUDGET )
COMMITTEEE, )
)
Plaintiff, )
)
v. ) ORDER
)
BOARD OF COMMISSIONERS FOR )
YORK COUNTY, )
)
Defendant. )

I.       Background

On September 13, 2012, the Board of Commissioners of York County adopted the York

County Code of Ethics.[1] The Code of Ethics requires that every committee member, including

the members of the Budget Committee, submit a completed financial disclosure statement within

thirty-days after his or her election or appointment. The Code of Ethics further provides:

> All votes of conflict of interest questions shall be recorded. A majority vote shall
> determine the question; but a vote by Committee may later be reviewed, modified
> or reversed by the County Commissioners upon the County Commissioners'
> consideration of the same agenda item. The action taken by a Committee where a
> member with a financial or special interest participates in the negotiation or award
> of a contract or participates in the vote on a question before the Committee is
> voidable as provided in Section 3.11(c).

York County Code of Ethics § 3.7(c);

> In the absence of actual fraud, which makes an action void, the participation of a
> County Employee, Officer, Official, Board Member or Committee Member in the
> negotiation or award of a contract or the vote on a question before the Committee
> makes the action voidable if the County Employee Officer, Official Board
> Member or Committee Member fails to disclose a financial or special interest as
> required by Section 3.7 and 3.8.

York County Code of Ethics § 3.11(c); and:

> In addition to any other penalties or remedies as may be provided by law,
> violation of this Code shall constitute cause for censure, after notice and hearing

---

[1] The County Commissioner's cite 30-A M.R.S. § 101(6-A) as authority.

1

conducted by the county commissioners. A majority of the County Commissioners shall conduct such proceedings. A violation of this Code by a County Employee shall also constitute proper grounds for dismissal or other disciplinary action as provided in the County's published Personnel Rules and Regulations.

York County Code of Ethics § 3.12.

The members of the Budget Committee refused to acknowledge the policy by signing forms or completing disclosures as required by the Code of Ethics. On June 11, 2013, the County Commissioners notified each member of the Budget Committee that he or she must "show cause" why he or she should not be censured for failing to comply with the policy. The County Commissioners further notified the Budget Committee that failure to comply would make all actions by the Budget Committee voidable. There was a hearing held before the County Commissioners on July 10, 2013. Attorney Bradley Morin appeared on behalf of the budget committee and argued that the Budget Committee does not recognize the Commission's authority to enact the York County Code of Ethics. The Commissioners voted four to one to censure all of the members of the Budget Committee pursuant to Section 3.12 of the Ethics Policy for failure to file a disclosure statement as required by Section 3.8.

The Budget Committee has filed a complaint seeking 80B relief and a declaration that the York County Code of Ethics and the County Commissioners' vote of censure are invalid and have no weight.

II.     Standard of Review

The court reviews a decision of a state agency solely for "whether the [agency] correctly applied the law and whether its fact findings are supported by any competent evidence." McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court must affirm the agency's findings of fact unless they are clearly erroneous. 5 M.R.S. § 11007(3) (2011); Green v. Comm'r of the Dep't of Mental Health, 2001 ME 86, ¶ 9, 776 A.2d

2

612. The burden of persuasion is born by the party seeking to vacate the agency's decision. Bizier v. Town of Turner, 2011 ME 116, ¶ 8, 32 A.3d 1048; Anderson v. Me. Pub. Employees Ret. Sys, 2009 ME 134, ¶ 3, 985 A.2d 501. The Commission's interpretation of the statute granting authority to the Commission is reviewed for abuse of discretion. The Commission's interpretation of a statute it administers is afforded great deference and "will be upheld unless the statute plainly compels a contrary result. Abbott v. Comm'r of Inland Fisheries & Wildlife, 623 A.2d 1273, 1275 (Me. 1993).

III.     Discussion

A. Ripeness

The Board of Commissioners for York County challenge the ripeness of this action. "Analysis of the ripeness issue involves two principal points of focus; the fitness of the issue for judicial decision, and the hardship to the parties of withholding court consideration." Maine Pub. Serv. Co. v. Pub. Utilities Comm'n, 524 A.2d 1222, 1226 (Me. 1987). A statute that has yet to become effective, but is certain to become effective, is ripe for review where the effective statute will cause hardship. Nat'l Hearing Aid Centers, Inc. v. Smith, 376 A.2d 456, 459 (Me. 1977). In the case at hand, the ordinance has already been enacted, and has already been used to censure an entire committee. The issue of whether the ordinance is valid in concern to the requirement that all committee members submit completed disclosure forms and in concern to the Commission's ability to sanction Committee members for failure to do so is ripe for review. No action has been taken to find a Committee action void, therefore the validity of the York County Code of Ethics §§ 3.7(c) & 3.11(c) are not specifically before the Court. However, the Court finds the validity of these sections to be ripe for review as well because the Commission's authority to enforce these

3

sections are inextricably linked to the Court's authority to enact and an force a disclosure form requirement. The validity of the entire Code of Ethics is ripe for review.

### B. County Commissioners Authority to Censure

The Budget Committee argues that the County Commissioners do not have authority to enact the Code of Ethics, nor do the County Commissioners have the authority to sanction the Budget Committee for failing to comply with policy drafted by the County Commissioners. The County Commissioners argue that because the Budget Committee members are elected or appointed York County officials that the County Commissioners have the authority to adopt ethics policy regarding their behavior according to 30-A M.R.S. § 101(6-A) (2013).

The Maine Legislature created law governing the budget making process specific to each county. The law governing the York County Budget is found in 30-A M.R.S. § 831 et seq. Accordingly, the statute establishes the York County Budget Committee and the Budget Review Process. The statute requires that the first step in the York County Budget process be for the County Commissioners to "submit itemized finance estimates in the form of a budget to the budget committee no later than 60 days before the end of the county's fiscal year." 30-A M.R.S. 833(1) (2013). Next, the Budget Committee[2] reviews the County Commission's estimated budget along with any materials submitted by any county department or agency and composes a proposed budget. The Budget Committee must enter into the minutes explanations for any deviations from the estimated budget submitted by the County Commission and the budget must balance. 30-A M.R.S. 833(2) (2013). There must be a public hearing on the proposed budget, publicized at least ten days prior in all newspapers generally circulated in the county. 30-A M.R.S. 833(3) (2013). Finally, the proposed budget is adopted after the public hearing, unless a

---

[2] The Budget Committee is composed of "3 members from each commissioner district, 2 of whom are elected municipal officials and one of whom is a public representative" 30-A M.R.S. § 832 (2013).

4

majority of the County Commission and a majority of the Budget Committee vote for a change in the budget. Any change made by a majority vote of both the County Commission and the Budget Commission is final. 30-A M.R.S. 833(4) (2013).

The Commissioners have the authority to adopt ethics policy governing the behavior of elected and appointed county officials. 30-A M.R.S. § 101(6-A) (2013). However, the County Commissioners may not alter or supersede the statutorily created budget making process. Smith v. Town Of Pittston, 2003 ME 46, ¶ 24, 820 A.2d 1200. The York County budget making process relies upon public trust in the Budget Committee members. The Committee is made up of publicly elected officials and the Committee is required to present the proposed budget at a public hearing prior to voting on the budget. See 30-A M.R.S. §§ 832, 833(3) (2013). The censure of the Committee impairs the ability of the Committee members to perform their statutory duties by tainting the public image of the individual Budget Committee members and delegitimizing the budget making process. For this statutory scheme to work as mandated, the Budget Committee must be free to work independently of the York County Commissioners. The statute compels the Court to declare the York County Code of Ethics invalid and unenforceable as applied to members of the York County Budget Committee and the censure of the members of the Budget Committee void.

DATE: 3/10/14

_____
John O'Neil, Jr.
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFF:
BRADLEY C. MORIN, ESQ.
BOURQUE & CLEGG
949 MAIN STREET
PO BOX 1068
SANFORD, ME 04073

ATTORNEY FOR DEFENDANT:
GENE R. LIBBY, ESQ.
TYLER J. SMITH, ESQ.
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND ROAD, UNIT 17
KENNEBUNK, ME 04043